IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4240 |
| | § | CRIMINAL ACTION NO. H-10-424 |
| LUIS FERNANDO LARA-URIBE | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Luis Fernando Lara-Uribe, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 30.) The Government responded and filed a motion to dismiss. (Docket Entry No. 39). Defendant did not respond to the motion to dismiss.

Based on consideration of the section 2255 motion, the motion to dismiss, the record, and the applicable law, the Court GRANTS the motion to dismiss and DENIES the section 2255 motion, as follows.

*Background and Claims*

Defendant, an alien who had previously been denied admission, excluded, deported and removed after an aggravated felony conviction, pleaded guilty to knowingly and unlawfully being present in the United States without having obtained the consent to reapply for admission into the United States from the Attorney General or Secretary of the Department of Homeland Security, in violation of 8 U.S.C. §§ 1326(a) and (b). Defendant's criminal history score was increased by 16 levels based on his 1994 Texas conviction for

felony burglary of a habitation with intent to commit theft. U.S.S.G. § 2L1.2. The plea was made without a written plea agreement, and the Court subsequently sentenced Defendant to thirty-five months in federal prison and three years of supervised release. Defendant did not appeal the conviction.

Defendant complains in this section 2255 motion that trial counsel should have objected to the use of the felony conviction for burglary of a habitation with intent to commit theft because it is not by definition a violent felony. The Government moves for dismissal and denial of the motion, and argues that Defendant's argument is foreclosed by Fifth Circuit Court of Appeals precedent.

*Analysis*

To assert a successful ineffectiveness claim, a criminal defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Actual prejudice from a deficiency is shown

if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694.

In the instant case, Defendant's criminal history score was increased by 16 levels based on his prior Texas conviction for felony burglary of a habitation with intent to commit theft. U.S.S.G. § 2L1.2 provides for a 16-level increase if the defendant was deported following a "crime of violence." The commentary to section 2L1.2 defines "crime of violence" as either an enumerated felony, including "burglary of a dwelling," or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Defendant argues that he should not have received any enhancement for this conviction because "the reading of the statute is ambiguous, and broadly worded," and "it is over-inclusive." He concludes that burglary of a habitation is not a violent felony for purposes of the enhancement authorized by U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Defendant's argument is foreclosed by the Fifth Circuit Court of Appeals' decision in *United States v. Garcia-Mendez*, 420 F.3d 454 (5th Cir. 2005). In *Garcia-Mendez*, the Fifth Circuit expressly held that a Texas conviction for burglary of a habitation is equivalent to burglary of a dwelling, an enumerated offense under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *Id.* at 455. *See also United States. v. Riascos-Granja*, 381 F. App'x 330, 331 (5th Cir. 2010). Although Defendant cites, without explanation, *Begay v. United States*, 553 U.S. 137 (2008), *Begay* held that driving while intoxicated did not constitute a "violent felony" as that term is defined in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Begay* involved neither

U.S.S.G. § 2L1.2 nor the Texas burglary of a habitation statute, and does not govern the instant case.

Defendant does not show that, had trial counsel objected to use of the 1994 burglary of a habitation conviction for purposes of section 2L1.2, that the objection would have been granted. Thus, counsel's failure to object cannot form the basis for an ineffective assistance claim, and Defendant fails to establish either deficient performance or actual prejudice under *Strickland*. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that trial counsel is not ineffective in failing to raise futile or meritless objections).

Defendant's motion is without merit.

*Conclusion*

The Government's motion to dismiss (Docket Entry No. 39) is GRANTED, and Defendant's section 2255 motion (Docket Entry No. 30) is DENIED. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on April 30, 2012.

_____
Gray H. Miller
United States District Judge